HAMILTON PERKINS, Appellant, *v.* WILLIAM GILES et al., Respondents.

Where no charge of corruption or bad faith in the arbitrators is made, mere errors of judgment are no grounds for setting aside an award, and neither party will be allowed to prove for that purpose that the arbitrators decided wrong as to the law or the facts.

An award that is sufficiently certain to be obligatory as a contract is valid.

(Argued June 7, 1872; decided November 12, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the seventh judicial district, affirming a judgment of Special Term entered upon an order dismissing plaintiff's complaint. The action was to vacate and set aside an award.

The case is reported below, 53 Barb., 342. The facts pertinent to the questions here discussed are sufficiently set forth in the opinion.

*James R. Cox* for the appellant. An award, to be valid, must be certain and final. (Kyd on Awards, 124, 128, 194, 196, 197; Caldwell on Arb., 243; *Schuyler* v. *Vanderwater*, 2 Caines, 235; *Pope* v. *Brett*, 2 Saund., 292; *Bedan* v. *Clarkson*, 1 Ld. Raym., 124; *Brown* v. *Hankerson*, 3 Cow., 72, and cases cited; Watson's Arbit. and Aw., 104, *et seq.; Lyle* v. *Rogers*, 3 Wheat., 407; *Waite* v. *Barry*, 12 Wend., 380; *Purdy* v. *Delavan*, 1 Caines, 315.) Where the good and bad parts of the award relate to the different parties, and the bad part enters into the consideration of the whole, the whole award must fail. (*Nichols* v. *Ins. Co.*, 22 Wend., 129; *Jackson* v. *Amble*, 14 John., 108; *Ott* v. *Schroeppel*, 1 Seld., 486; S. C., 7 Barb., 431; Kyd on Awards, 247; *Carnochan* v. *Christie*, 11 Wheat., 466; *Bargrave* v. *Atkins*, 3 Lev., 413; *Butler* v. *New York*, 1 Hill, 494–497; reversed, 7 Hill, 329; 1 Barb., 327.) It must dispose of all the matters submitted. (*Ott* v. *Schroeppel*, 7 Barb., 431, and cases; S. C., 1 Seld., 482; Caldwell on Arb., 276, note 1; *Waite* v. *Barry*, 12 Wend., 380; *Pejepscott Case*, 7 Mass., 399; *Brown* v. *Hankerson*, 3 Cow., 70; *Warfield* v. *Holbrook*, 20 Pick., 531; *Robson* v. *Ralston*, 1 Barn. & Adol., 723; *Samuel* v. *Cooper*, 2 Adol. & Ellis, 752; *Briggs* v. *Smith*, 20 Barb., 411; *Commonwealth* v. *Pejepscott*, 7 Mass., 420; *Carnochan* v. *Christie*, 11 Wheat., 466.) This rule is invariable when the particular matters submitted are specified in the submission. (*Wright* v. *Wright*, 5 Cow., 199; *Bean* v. *Farmer*, 6 Pick., 274; *Mitchell* v. *Stavely*, 16 East., 58; *Standish* v. *Parker*, 2 Pick., 22, note 3; *Bridge* v. *Gray*, 14 Pick., 55; *Bixby* v. *Whitney*, 5 Greenl., 192; *Barlow* v. *Todd*, 3 John., 368; *Rider* v. *Fisher*, 3 Bing. [N. C.], 874.)

*D. Wright* for the respondents. The finding of the arbitrator is final. (*Van Courtland* v. *Underhill*, 2 J. C. R., 339;

S. C., 17 J. R., 204.) It was not required that the items of damages allowed to either party should be stated. (*Backus* v. *Fobes*, 20 N. Y., 204.) The parties must submit to the arbitrator's award if it is made in good faith. (*Lowenstein* v. *McIntosh*, 37 Barb., 257.) An award is not impeachable for error merely. (*Backus* v. *Fobes*, 20 N. Y., 209; *Winship* v. *Jewett*, 1 Barb. Ch., 194; *Juckson* v. *Amber*, 14 J. R., 105; *Mitchell* v. *Bush*, 7 Con. Rep., 185.)

Peckham, J. This action seeks to set aside an award made between these parties.

The pleadings show that the plaintiff owned a saw-mill upon a stream, and the defendants a grist-mill below; that there was, at different times, a scarcity of water for the mills, arising not only from the small size of the stream but from the pond being filled up with foreign matters. Hence, many controversies arose and lawsuits were instituted, and two at least were pending between these parties when the submission was executed upon which the award was made.

The rights of the parties, so far as involved in this suit, are contained in the deed from Ezra Ouyendall, who formerly owned both mills, conveying the grist-mill to one Mosher, dated in 1839, and in the submission and the award thereon. All parties claim from the same original title. After the grant in the deed of the premises to Mosher, the privilege is granted to him and his heirs and assigns of using, maintaining and keeping in repair said mill-dam and having other privileges. Afterward it is provided as follows: " The said party of the second part (Mosher) to keep always and at all times hereafter the aforesaid dam and race-way in good repair, and of sufficient height to secure the water as high as it has heretofore been usually kept, inevitable accidents excepted, with the appurtenances," etc. The grantor reserved the surplus water, over and above what was necessary for the machinery of the grist-mill.

The submission recites the controversies at length, and they are very comprehensive. The prominent ground of

complaint on the part of plaintiff was that defendants had permitted the dam, reservoirs and race-way to become filled up with sediment, which it was their duty to remove, so that only a small portion of the waters of the stream were available for the use of the mills.

There is no allegation in the complaint that the award exceeded the submission.

It does charge that "it is partial and unjust," because, in substance, it fails to agree with the plaintiff's view of the rights of the parties as to the matters submitted to him. This, ordinarily, is no ground for charging partiality and injustice in the award. The mere fact of its submission usually implies that there is difficulty and doubt; and in this instance it is not clear that the view of the arbitrator is not correct as to the rights and duties of the parties under the deed from the defendants' original grantor. Removal of the sediment from the dam was left unprovided for therein; the covenant not in terms embracing it. The covenant is "to keep always the aforesaid dam and race-way in good repair, and of sufficient height to secure the water as high" as heretofore. Not a word is contained as to keeping the pond free from sediment, or to keep it bottomed out; but only that there shall be no fault in the "race-way" or in the "dam." If plaintiff's right to the removal of the sediment may be regarded as doubtful, under the deed, or even if it were well founded, then the award afforded no ground for this charge. (*Winship* v. *Jewett*, 1 Barb. Ch., 173.) Plaintiff avers that defendants' predecessors in occupancy had always removed this sediment. But he bases and can base no right thereon. He does not even aver that defendants knew of that practice, much less agreed to continue it.

No charge of corruption or bad faith in the arbitrator being made, mere errors of judgment are no ground for setting aside an award. (Id.)

In such case neither party will be allowed to prove that the arbitrators decided wrong as to the law or the facts of the case. (Id.; *Jackson* v. *Ambler*, 14 J. R., 96.)

It is not denied that, under a charge against the arbitrators of fraud or corruption, plain and gross error in their award would be admissible evidence of such charge; but the error should be very plain and palpable to afford any evidence of corruption. ( *Wood* v. *Aub. and Roch. R. R. Co.*, 8 N. Y., 160.)

There are, then, two answers to this point. First, there is no charge of corruption against the arbitrators in making this award; and, second, if there were, the facts alleged, as its foundation, are entirely inadequate to sustain such a charge.

The complaint further states that the award is inconsistent in " that, while it holds it to have been the clear duty of defendants to keep said dam, reservoirs and race-way in good order, and recognizes their total neglect of said duty, it holds said neglect to be an inevitable accident, and charges the plaintiff with one-third part of the expense of doing the clear duty of defendants," and imposes upon the plaintiff damages and costs.

The plaintiff is mistaken in this charge, in point of fact. The award denies expressly that it was the duty of the defendants to bottom out the pond or clear it of sediment. It says : " The probability or possibility of the pond, race or reservoirs being filled up with sediment did not, it is evident, enter into the minds of the original parties to these rights." This is doubtless true.

Hence, of course, its removal was not provided for. The arbitrator states and adjudges, what he regards as the limits of the obligations of defendants under the deed, as follows : " To keep in good repair, and at a proper height and width, the mill-dam and the banks of the race-way through their entire length, including all breast-work, timber, boards, gates and barriers that are required to regulate the stream at the dam."

This, it would seem, is a liberal interpretation of the covenant, " to keep said dam and race-way in good repair and of sufficient height."

After having done this the award next adjudges and declares

what are now the duties of the parties as to clearing out the pond, etc. As that duty was not provided for, in the opinion of the arbitrator, in the deed by any covenant, the arbitrator, pursuant to his authority in the submission to pass upon and determine, among other things, " the duties of the respective parties in regard to the further use of said water power, the keeping in repair," etc., " and by whom the same shall be done," did " determine " this " duty " and devolved it upon the defendants ; and as they had the greater interest in keeping the pond free from sediment, he properly charged them with two-thirds of the expense of discharging this duty.

The complaint next alleges that the award is void for uncertainty. He insists that " it fails to mention the reservoir or to require defendants to clear out the pond to any particular depth or width, or to do anything, or to do it at or within any particular time, or to expend any particular sum of money or amount of labor, or to produce any particular effect."

" That it requires the plaintiff to pay one-third of an indefinite sum without saying when."

In none of these respects is the award defective. The " reservoir " is not mentioned in the covenant in the deed, but it is clearly included in the award. The counsel seemed to rely chiefly, in his argument, upon this point of uncertainty. It will be, therefore, noticed more at length. The award declares that " defendants shall so clear out the pond, etc., as to enable both parties to have the full benefit of the water of the stream without undue obstruction, and not to allow the pond, race or reservoir so to fill up and diminish in size as to impair the value of the stream."

The parties are thus secured against obstruction of the stream, and against any diminution thereof so as to impair its value. In other words, they are secured the full benefit of the stream, without obstruction.

The duty is continuous—operative at all times upon the defendants.

What is the uncertainty complained of ? It is that the

award "fails to require the defendants to clear out the dam to any particular depth or width, * * * or to do anything, or to do it at or within any particular time, or to expend any particular sum of money or amount of labor, or produce any effect in respect to clearing out the race-way, etc., or restoring or repairing the same."

There is no error in the award in any of these respects.

1st. It was not within the intention of the parties that the arbitrator should have declared the depth or width of the dam, which the defendants should clear out; how deep or how wide. The plaintiff avers that he proved before the arbitrator various things which he ought to have found accordingly. But he does not claim that he proved, or attempted to prove, how deep or how wide the pond should be cleared out, or that it was a matter susceptible of proof. It might vary in different years. The same may be said of most of the other objections.

But "the effect to be produced" is plainly provided for, so that no man who wishes to learn can fail to understand. The effect, too, is to continue, under all circumstances, so as to secure "the full benefit of the stream" to the plaintiff.

It was utterly impossible for the arbitrator to determine how much money or labor should be expended to attain this result. It would, of course, vary in different years.

To declare, therefore, that a given amount of money or labor should be expended each year, whether required or not, would clearly not have been wise in the arbitrator, and could not have been expected or desired by either party.

The effect to be attained is plainly declared, as well as the persons upon whom the burden rests of accomplishing it. If there be any defect anywhere, either in the dam, the race, the reservoir or in the pond, upon the defendants is cast the entire burden of removing it, forever; all to be done at the defendants' expense, except they are to be reimbursed to the extent of one-third for removing the mud, etc., in the pond. I do not see that the plaintiff has any cause of complaint in this award.

Plaintiff also complains that the award requires him to pay one-third of this "clearing out," which it calls " an indefinite sum, without stating when or giving any means of ascertaining the amount, or whether such payment is to be made before or after such clearing out is to be done."

The remarks already made seem to afford an answer to this objection.

The plaintiff is required to pay " one-third of the expense thus incurred in removing the mud," etc.

It is plain that he is not to pay till the work is done, as it is for " the expense *thus incurred*" he is to pay.

The amount to be paid is as easily ascertained after the work is done as any other ordinary transaction in life. That is certain which can be made certain.

In fact, this is the ordinary provision of a contract or a statute. The Revised Statutes provide for payment to an adjoining landowner of one-half of the expense of building a division fence in certain cases. The provision must be void according to the plaintiff's view.

The great difficulty between these parties, no doubt, was the question as to the liability to keep the pond cleared out. That has now been settled.

The certainty required in awards has long been determined.

Certainty, to a common intent, is sufficient ; and that is to be considered, also, in reference to the nature of the transaction adjudged. This was so declared a century since. (*Lingood* v. *Eade*, 2 Atk., 501 ; *Jackson* v. *Ambler*, 14 J. R., 96.)

When Lord Ch. HARDWICKE delivered the opinion in *Lingood* v. *Eade* it was difficult to sustain an award in the courts, no matter how carefully made. But the rule in their construction has since greatly changed. They are now favored in law. Presumptions are made to sustain them. Courts of equity enforce them like any other contract of the parties, when it is necessary to resort to such courts. They correct mere mistakes in awards, not of a judicial nature, and then enforce them. (*Bouck* v. *Wilber*, 4 J. C., 405.) In that case there was a dispute submitted in regard to fifty acres of land and

its value. The arbitrators made a mistake in describing the land; the description, as made, embracing only about one acre of the land, but they appraised the value of the whole, and in all other respects fulfilled their duty. The court ordered the description corrected and then enforced the award.

An award that is sufficiently certain to be obligatory as a contract is, I think, valid as an award. (*Akely* v. *Akely*, 16 Vt., 450.)

The cases referred to by the appellant's counsel do not sustain his position here as to uncertainty. They are all cases where the uncertainty is apparent upon the face of the award, and there is nothing referred to in the award whereby it could be made certain.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.