THOMAS DWYER, Appellant, *v.* THE MAYOR, ALDERMEN AND COM- MONALTY OF THE CITY OF NEW YORK, Respondent.

*Contract for work — insufficiency of proof of the service of notice to the contractor to begin work as the basis of a set-off for delay.*

In an action brought to recover the amount due upon a contract for repairing a sea wall, the defendant set up a claim for liquidated damages for delay in completing the work under a provision of the contract requiring the plaintiff to commence the work "on such day and at such place or places as the commissioner of the department of public parks may designate," and in support of such claim the engineer in the department of parks, who had charge of the work, testified that he sent the contractor (the plaintiff) written notice to commence work on a certain day, a copy of which notice was produced, and further testified: "I don't know what I did with this letter; my usual course is. to mail them; I have no recollection whether I mailed it or sent it by special messenger."

*Held*, that such testimony, unaccompanied by other proof, was insufficient to justify a finding by the jury that such notice as the contract required was ever given to the plaintiff.

APPEAL by the plaintiff, Thomas Dwyer, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of June, 1896, upon the verdict of a jury.

*Joseph A. Flannery*, for the appellant.

*Chase Mellen*, for the respondent.

Ingraham, J.:

The action was brought to recover the amount due upon a contract to repair and protect the foundation and masonry of the Battery sea wall adjoining Battery Park in the city of New York, and the defendant sought to offset liquidated damages provided for in the contract between the parties for delay in finishing the work required by the contract. By the contract the plaintiff agreed that he would commence the work "on such day, and at such place or places, as the commissioner of the department of public parks may designate, and progress therewith, so as to complete the same in accordance with this agreement, on or before the expiration of thirty consecutive working days next thereafter;" and the answer alleged that after the making of the contract, and on or about the 12th day of July, 1893, the defendant notified the plaintiff to begin work under said contract; that the plaintiff failed to complete the work in accordance with said agreement on or before the expiration of thirty consecutive working days next after the date upon which he was ordered and directed to commence work as aforesaid; that the total time occupied by the plaintiff in performing and completing the work under said contract was the period of one hundred and three and one-half days; that after a certain allowance was made by the defendant to the plaintiff the plaintiff was in default during a period of eleven and nine-tenths days, and that, in accordance with the terms of said contract, the defendant suffered damage by reason of said default in the sum of $238. To prove this offset or counterclaim the defendant called the engineer in the department of parks who had charge of the work under this contract. He testified that he notified the contractor to commence work; that he sent the contractor a written notice to commence work on a certain day. A copy of a paper was produced and the witness was asked if that was a copy of the notice that he sent, to which he replied that it was. The witness then testified: "I don't know what I did with this letter; my usual course is to mail them; I have no recollection whether I mailed it or sent it by special messenger." The witness further testified that in cases of contracts of this description he always prepared a similar notice, and ordinarily had it mailed to the address which the contractor had on his proposal when he made the bid; that he did not recollect any further

than he had testified; that he could not tell whether he sent it by special messenger or by mail, " one or the other." There was no other evidence as to the giving of this notice to the plaintiff, and the plaintiff testified that he had no recollection of receiving such a notice. A copy of this letter was admitted in evidence after an objection and exception by the plaintiff, and at the end of the case the plaintiff asked that a verdict be directed. This motion was denied, and the plaintiff excepted. Counsel for the plaintiff, then, at the end of the charge, asked the court to charge the jury that there was no evidence that Mr. Kellogg personally mailed this notice, to which the court replied that the jury would remember what the evidence was.

We think the admission of this notice was error, as there was no evidence from which the jury could properly find that notice was ever given to the plaintiff to commence the work as required by the contract. By the contract the plaintiff was required to commence on such day and at such place or places as the commissioners of the department of parks might designate, and complete the work on or before the expiration of thirty consecutive working days " next thereafter." Before the plaintiff was bound to commence work under the contract, the commissioners were required to designate a day, and the time within which the contract was to be completed was to commence to run " next thereafter." To justify the defendant in retaining any portion of the consideration to be paid for the completion of this contract it was necessary to show that such a day had been designated by the department of parks and notice thereof given to the plaintiff, and the court correctly charged the jury that the burden of proof was upon the defendant to show that such notice was sent and received. This the evidence failed to show. If the notice had been sent by a special messenger it was incumbent upon the defendant to prove by that messenger the service of the notice upon the contractor. If such notice had been sent by mail, it was sufficient to take the case to the jury to show that a notice properly directed, with the postage paid thereon, addressed to the contractor at his residence, or the place designated by him as his residence or place for receiving notices, had been deposited in the post office. The evidence failed to show that any messenger had delivered this notice to the plaintiff, or that any

notice properly stamped and addressed had been deposited in the post office. In fact, the only witness called by the defendant expressly testified that he had no recollection as to whether it was sent by a messenger or by mail. There was no evidence that any postage stamps had been placed upon it, or that it was deposited in the United States mail or delivered to any person authorized to post it. In fact, the case was bare of any evidence that would justify the jury in finding that such notice had ever been delivered to or received by the plaintiff. We think, therefore, that the admission of the notice in evidence was error and that there was no evidence to justify a finding of the jury that such notice had been delivered to or received by the plaintiff. For this reason we think the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.