### BURNS v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.   April 21, 1900.)

1. CONTRACTS—EXCAVATIONS AND EMBANKMENTS—COMPENSATION.
   Where plaintiff was paid for making an excavation under a contract providing that the earth should be deposited in such places as defendant's engineer might direct, he cannot also recover compensation for depositing, under direction of the engineer, the earth so excavated, in an embankment for the construction of which he was to receive 50 cents per yard.

2. SAME—CONCLUSIVENESS OF DECISION OF ENGINEER.
   Where a contract for making excavations and embankments provides - that the city engineer shall "determine the amount or the quantity of the' several kinds of work which are to be paid for under this contract, * * * and his estimate and decision shall be final and conclusive upon the contractor," a decision of the engineer that earth paid for as excavation shall not be also paid for as part of the embankment in which it is deposited is conclusive.

Action by Patrick F. Burns against the city of New York.   Judgment for defendant.

James A. Dunn, for plaintiff.

John Whalen, for defendant.

McADAM, J.   The action is to recover $467, as compensation for constructing 934 cubic yards of embankment, at 50 cents per cubic yard.   The plaintiff excavated these 934 yards of material, and was paid for excavating the same.   Section 4 of the specifications provides that:

"Earth excavation will include the excavation of all materials not included in rock excavation.   They shall conform to such lines and levels as may be given by the engineer, and deposited at such places as he may direct."

Pursuant to this provision, this excavated material, which by the contract was the property of the city, was, by direction of the engineer, deposited by the plaintiff on the line and level of the embankment, but formed no part of the embankment itself, for which the 50 cents per cubic yard was to be paid.   To hold otherwise would compel the city to pay twice for the same 934 cubic yards of earth,—once as excavation, and again as embankment.   Such a result was not within the contemplation of the parties.   But, even assuming that the claim made was one open to doubt, the dispute has already been decided adversely to the plaintiff by the engineer in charge of the work, upon whom authority to determine the question was conferred by the following special provision of the contract:

"To prevent all disputes and litigation, it is further agreed by and between the parties to this contract that said engineer shall in all cases determine the amount or the quantity of the several kinds of work which are to be paid for under this contract, and he shall determine all questions in relation to said

work, and the construction thereof; and he shall in all cases decide every question which may arise relative to the execution of this contract on the part of the said contractor, and his estimate and decision shall be final and conclusive upon the contractor; and such estimate and decision, in case any question shall arise, shall be a condition precedent to the right of the party of the second part to receive any money under this agreement."

Having been selected by both parties as the final arbiter, the decision of the engineer is conclusive, there being no evidence of fraud or misconduct on his part. Smith v. City of New York, 12 App. Div. 391, 42 N. Y. Supp. 522; Quinn v. Same, 16 App. Div. 408, 45 N. Y. Supp. 7; Perkins v. Giles, 50 N. Y. 228; Sweet v. Morrison, 116 N. Y. 19, 22 N. E. 276; and kindred cases.

The plaintiff has been paid according to the final certificate of the engineer, and has no cause of action against the defendant. It follows that the complaint must be dismissed, with costs.