ALBANY,
August, 1808.

Barlow
v.
Todd.

## Barlow *against* Todd.

THIS was an action of *debt.* The declaration was in the usual form for the penalty of an arbitration bond, dated the 9th *January*, 1807. The defendant, after craving *oyer* of the condition, which was to abide the award of certain arbitrators therein named, to be made on the 2d *February*, 1807, or in a reasonable time thereafter, &c. pleaded that the arbitrators did not, at the time specified, or within a reasonable time thereafter, make an award, under their hands and seals, of and upon the premises, submitted, &c. and concludes with a verification, &c. The plaintiff replied, that the arbitrators, on the 20th *March*, 1806, made an award in writing, under their hands and seals, of and concerning the premises, and set forth the award, by which it was awarded, that the defendant should pay to the plaintiff, 1,300 dollars and 94 cents, within 90 days from the date, &c. of which notice was given to the defendant, and averred a breach, in not paying the sum awarded.

The defendant rejoined, that he made a demand on the executors of *William Barlow* (the plaintiff being one of the executors) for 375 dollars and 40 cents, being money paid by the defendant to the use of the said *William Barlow*, in his life-time, and claimed to be allowed that sum in the account with the executors, which they re-

*In an action of debt, on an arbitration bond, the defendant pleaded no award, the plaintiff replied, setting forth an award, and the defendant rejoined that the award was not final, &c. On demurrer, the rejoinder was held to be a departure from the plea, and, therefore, bad. Where an award, on the face of it, is final, nothing de hors the award, can be pleaded or given in evidence against it.*

fused to admit; and though the demand was existing against the executors, and was claimed and insisted on before the arbitrators, and submitted to them at or before the 20th *March*, 1807, yet they made no award thereon, but postponed and reserved the consideration thereof to another time ; and that no award has been made on the said claim, but it still remains undetermined, and so the defendant saith that the arbitrators did not make a final award, &c. and concludes with a verification.

To this rejoinder, the plaintiff demurred, and the defendant joined in demurrer.

*Edwards*, in support of the demurrer. The award on the face of it is final and complete, and nothing *dehors* the award, can be alleged or given in evidence against it.* [He was stopped by the court, who desired to hear the other side.]

*Pendleton*, contra. The award was not final, for a question was reserved to be decided at a future day. If so, it was a void award. The award may, on the face of it be final and conclusive; but from facts brought before the court, it may be shown not to be final. Where the award is void, the defendant may plead no award, and in his rejoinder he may show how it is not final.†

The replication also is defective. It ought to have shown that the award was, in form and substance, according to the submission.‡

*Baldwin*, in reply, cited *Kyd*, 300. 327. 336. 357. 2 *Vesey*, 315. *Cro. Jac.* 200. 355. 1 *Lev.* 127. 301. *T. Raym.* 22. 94. 1 *Mod.* 229.

SPENCER, J. delivered the opinion of the court. The very point made in this cause, arose in the case of *Harding* v. *Holmes*, [1 *Wils.* 122.] upon precisely the same state of pleadings. The defendant's counsel gave up the point, and judgment was given for the plaintiff. Upon the authority of the case of *Roberts* v. *Mariet*,§ the rejoinder in this case is a departure, for by the plea the defendant has denied that an award was made, and in the re-

* 2 *Wils.* 148.

† 1 *Wils.* 122.
*Cro. Jac.* 508.
515. *Palmer*,
110. 146. *Hob.*
218.
‡ 2 *Saund.* 61 *i.*
*n.* 3. 1 *Str.* 116.
3 *Lev.* 164.

§ 2 *Saund.* 188.

joinder he admits that one was made. It is an established principle, that a rejoinder must maintain the plea, and cannot set forth any other matter at variance with it.

These, however, were cases decided before the principles applicable to awards, were well understood and settled. It is now well established that at law, nothing *dehors* the award invalidating it, can be pleaded or given in evidence to the jury. (2 *Wils.* 148.) The arbitrators are judges chosen by the parties themselves, and their awards are not examinable in a court of law, unless the condition is to be made a rule of court, and then, only, for corruption or gross partiality.

In the case of *Newland* v. *Douglass,** the court decided, that proof of the mistake of arbitrators, was inadmissible at law, and that a court of chancery alone could correct a palpable mistake of arbitrators. Their award is like a judgment. Courts of law cannot listen to suggestions contradicting the award, or impeaching the conduct of the arbitrators.

* 2 *Johns.* 62.

We are, therefore, of opinion, that the plaintiff ought to have judgment.

THOMPSON, J. not having heard the argument in the cause, gave no opinion.

Judgment for the plaintiff.