GLORVINA R. HOFFMAN, Appellant, *v.* AMANDA M. DE GRAAF, Respondent.

When the questions of law and fact involved in a controversy are submitted by the parties to an arbitrator, his award cannot be assailed because of error honestly committed by him, either of law or fact; fraud or misconduct must be shown.

In an action brought to set aside an award as to the value of a lot of land, on the ground of misconduct on the part of the arbitrator, the alleged misconduct was that the arbitrator disregarded the evidence as to the value and substituted, and declared his intention to substitute, a rule of his own. Evidence offered by plaintiff as to the value of the lot and as to the character and competency of her witnesses before the arbitrator was excluded.

*Held,* no error.

(Argued March 23, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Supreme Court, of the first judicial department, entered upon an order made March 5, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (*Mem.* of decison below, 39 Hun, 648.)

The following is the opinion in full:

"In May, 1863, Glorvina R. Hoffman being the owner of a lot of land in the city of New York, executed a lease of the same for the period of twenty-one years, with covenants of renewal, to John Cavanagh. The defendant has become the owner of Cavanagh's interest in the lot under that lease; and by the terms of the lease he became entitled to a renewal thereof for another term of twenty-one years. In strict accordance with the provisions of the lease, George W. Carrington was selected as an umpire for the purpose of determining the amount of rent to be paid during the second term of twenty-one years. The lease required that the umpire thus chosen should determine 'the full and fair worth of said lot of land at private sale,' and provided that the annual rental should be five per cent on the value of the lot thus estimated and ascertained. A hearing was had before the umpire, witnesses were there sworn and counsel for both parties were heard, and the umpire fixed the value of the lot at $25,000. Mrs. Hoffman claimed that the umpire was guilty of misconduct in that he refused to be governed by the evidence as to the full and fair worth of the lot at private sale, and substituted and declared his intention to substitute a rule of his own by which he determined what a fair rent would be; and that, in this way, he estimated the value of the lot at $25,000, whereas its full and fair value was at least $45,000; and this action was commenced by her for the purpose of vacating and setting aside the award of the umpire. The answer put in issue the allegations of misconduct on the part of the umpire, and the action was brought to trial at a Special Term and resulted in a decision in favor of the defendant, dismissing the complaint.

"The evidence given on the part of the plaintiff tended strongly to support her allegations of misconduct against the umpire, and that she had been greatly wronged by the award made by him. But that evidence was controverted and the evidence given on the part of the defendant tended to show that there was no misconduct on the part of the umpire; that he acted upon the evidence given before him, and that he determined the full and fair value of the lot at private sale in pre-

cise accordance with the requirements of the lease and the law applicable thereto. The finding of the trial judge in favor of the defendant, having been affirmed at the General Term, concludes us. If the umpire honestly committed any error, either of law or fact, in the proceedings before him or in the conclusion he reached, his award cannot be assailed on that account. The questions of fact and of law were submitted to his determination, and in the absence of corruption or misconduct the parties are bound by his award. (*Fudicker* v. *Insurance Company*, 62 N. Y. 392.)

Upon the trial the judge excluded evidence offered by the plaintiff as to the value of the lot, and this ruling is now complained of as error. We think the evidence was properly excluded. It had no bearing whatever upon the alleged misconduct of the umpire, which was the only issue for trial at the Special Term. It appeared that before the umpire four witnesses were sworn as to the value of the lot, two for the plaintiff and two for the defendant; that one of plaintiff's witnesses estimated the value of the lot at $45,000 and the other at $50,000, and that defendant's witnesses estimated its value at $20,000. The varying estimates of witnesses could shed no light upon the issue made between the parties in this action.

Plaintiff also offered to prove upon this trial the character and competency of his witnesses before the umpire, and that evidence was excluded. Its materiality is not perceived and its exclusion was proper.

"We find no error in the record and the judgment should be affirmed with costs."

*E. L. Fancher* for appellant.

*James R. Marvin* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.