McGREGOR v. SPROTT.

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

ARBITRATION—SETTING ASIDE AWARD.

    The facts that an arbitrator, under a statutory submission, was a cousin to one of the parties, (being also a cousin to the other;) was a guest at his house during the hearing of the controversy, though nominated by the other party; and the omission of the arbitrator to have one of the parties sworn to the accounts presented by him, no request therefor having been made by the other,—are not sufficient, in the absence of evidence of undue partiality or fraud on the part of the arbitrator, to warrant vacating his award.

Appeal from special term, Warren county.

March 21, 1887, Duncan McGregor and George Sprott, by an instrument in writing executed in pursuance of Code Civil Proc. N. Y. § 2366, submitted to the arbitration of James McIntyre all their accounts and demands against each other, for him to hear and determine and make award thereon. Both parties thereafter appeared before the arbitrator, and submitted their respective accounts and demands. Neither party was sworn; no counsel were present. After the hearings were closed the arbitrator, July 2, 1887, made his award in writing in duplicate, whereby he found that there was due from Sprott to McGregor $2,345.31, and directed payment thereof. July 28, 1887, Sprott made a motion at special term, upon affidavits, to vacate this award. McGregor read affidavits in opposition, and the special term made an order sending the matter to a referee to take testimony as to what took place "before the arbitrator at the several hearings before him, and as to any and all matters tending to show any unfairness or corruption or willful mistake on the part of said arbitrator or the contrary," and report the same, with his opinion thereon. The referee took the testimony offered, and made report thereof, with his opinion. He reported that, in his opinion, no unfairness, corruption, or willful mistake on the part of the arbitrator was shown, but that the arbitrator made his award in good faith, believing it to be fair and just. He reported that the arbitrator was a cousin of each party, and known by both to be so, and had years before taken some part in an effort made to effect a settlement between them, and was first nominated by Sprott; that during the arbitration the arbitrator was a guest at McGregor's house. This fact was known to Sprott, and he knew it to be in accord with McIntyre's usual custom. It was one ground for vacating the award that the arbitrator had refused to have McGregor sworn as to the accounts presented by him. The referee found that no request to that effect was made by Sprott. Upon the referee's report, including the testimony taken by him, the motion to vacate the award was renewed, and was granted. From this order Duncan McGregor appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*S. & L. M. Brown,* for appellant. *H. A. Howard,* for respondent.

LANDON, J. Section 2374 specifies the grounds upon which an order vacating the award can be made. The referee's report negatives the existence of any of these grounds. We have examined the testimony taken by him, and concur with him in opinion. No doubt the arbitration was conducted according to methods unlike those which prevail in the trial of causes, but the parties preferred such methods. They selected a relative for arbitrator, one who had long known them both, and had some knowledge of their dealings with each other. The hearings were had free from the restraints, formalities, and technicalities of courts, against which the parties were entitled to indulge

their prejudices, and act accordingly. Sprott was greatly disappointed in the result, and quite naturally seeks to escape from it. The learned special term seemed to think that gross injustice had been done him in the award, and therefore concluded that the evidence adduced for the purpose of showing partiality on the part of the arbitrator ought to prevail. We do not assent to this reasoning. We cannot, upon the assumption of error in judgment, convict the arbitrator of partiality. To do so would be unjust to the arbitrator, and an assumption, by indirection, of a general jurisdiction to review awards which is not conferred by the statute, and is denied by the authorities. The court possesses no general supervisory power over awards, and, if arbitrators keep within their jurisdiction, their award will not be set aside because they have erred in judgment either in fact or in law. Arbitrators, unless restricted by the submission, may disregard strict rules of evidence, and decide according to their sense of equity. *Fudickar* v. *Insurance Co.*, 62 N. Y. 392; *Masury* v. *Whiton*, 111 N. Y. 679, 18 N. E. Rep. 638; *Sweet* v. *Morrison*, 116 N. Y. 19, 22 N. E. Rep. 276; *Hoffman* v. *De Graaf*, 109 N. Y. 638, 16 N. E. Rep. 357. The parties by their submission agreed to accept the award, and that agreement must prevail, unless the complaining party can maintain the burden of showing that it has not been fully and honestly complied with, or that his right to a full and fair investigation and hearing has not been allowed. We think that the attempt to impeach this award has failed. Some questions of practice in respect to the hearing of the motion are presented by the appellant which we do not think it needful to consider. The order should be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs and disbursements. All concur.