In the Matter of CHARLOTTE L. WILKINS, Respondent, and WALTER S. ALLEN, as Administrator of LORENA ALLEN, Deceased, Appellant.

ARBITRATION — AWARD CONCLUSIVE AS TO THE MERITS. An appeal under section 2381 of the Code of Civil Procedure from a judgment entered upon the award of an arbitrator, to whom questions of law were submitted upon an agreed statement of facts, presents for review only such questions as would be raised by a motion to vacate, modify or correct the award as provided in sections 2374–2375, and does not bring up for review the question of the correctness of the award upon the merits either as to the law or the facts; and where no such motion is made the award is not reviewable.

*Matter of Wilkins*, 48 App. Div. 433, affirmed.

(Argued January 17, 1902; decided January 28, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 9, 1900, which affirmed a judgment in favor of the

respondent herein, entered upon the award of an arbitrator upon the submission of a controversy under section 2366 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Nottingham, Pierce & Elliott* for appellant. An appeal to this court is provided for by section 2381 of the Code of Civil Procedure, to be governed, so far as applicable, by the provisions of chapter 12 of the Code of Civil Procedure. (*Merriam* v. *W. P. L. Co.*, 155 N. Y. 136.) No questions of fact are in dispute in this case. The facts were agreed upon and submitted to the arbitrator, who decided questions of law only, and those questions are reviewable in this court. (*Matter of Poole* v. *Johnston*, 32 Hun, 215.)

*H. B. Closson* and *D. B. Ogden* for respondent. The appeal presents no question of law or of fact which this court can review. (*McGregor* v. *Sprott*, 13 N. Y. Supp. 191; *Sweet* v. *Morrison*, 116 N. Y. 19; *Masury* v. *Whiton*, 111 N. Y. 679; *Hoffman* v. *De Graff*, 109 N. Y. 638; Code Civ. Pro. § 1346.)

MARTIN, J. The questions of law involved upon this appeal relate to a submission and award determining the rights of the parties under certain leases of property in the city of New York, made between them or their respective grantors, immediate or remote. The first lease was made in 1833, the second in 1854 and the third in 1875. The term of each was for twenty-one years, so that the full term under the several leases finally terminated in 1896.

Only questions of law were submitted for arbitration which included the interpretation or construction of the leases and a determination of the legal rights of the parties under them. The submission was in writing, stated plainly the questions to be decided, and provided that a judgment in the Supreme Court should be entered upon the award. The parties

obviously understood that only questions of law were involved, and hence it was that they submitted them to an eminent and distinguished member of the legal profession, in whose ability and fairness they evidently had complete and perfect confidence. That they were fully and fairly considered and that the arbitrator determined all the questions submitted, is not and cannot be successfully denied.

No motion was made to vacate, modify or correct the award upon any of the grounds mentioned in the statute. The appellant, however, excepted to the award and to each conclusion thereof, a procedure authorized neither at common law nor by statute, and, hence, the exceptions presented no question for review by an appellate court. He also opposed its confirmation, but not upon any of the statutory grounds, which were the only grounds upon which the action of the arbitrator could in any manner be considered or reviewed. The award was confirmed and judgment thereon subsequently entered. From the judgment and order the appellant appealed to the Appellate Division where both were affirmed. A judgment of affirmance was subsequently entered, from which an appeal to this court was taken.

The first and only question this court is called upon to determine is whether the decision of the Appellate Division can be sustained, which was to the effect that the appeal to that court did not bring up for review the question of the correctness of the award upon the merits, either as to the law or facts, but presented only such questions as would be involved in an application to vacate, modify or correct it as provided by the Code. Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive, and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement of submission authorizing it. The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. If he keeps within his jurisdiction and is

not guilty of fraud, corruption or other misconduct affecting his award, it is unassailable, operates as a final and conclusive judgment, and however disappointing it may be the parties must abide by it. (*Hoffman* v. *De Graaf*, 109 N. Y. 638; *Masury* v. *Whiton*, 111 N. Y. 679; *Sweet* v. *Morrison*, 116 N. Y. 19, 27; *Perkins* v. *Giles*, 50 N. Y. 228; *Fudickar* v. *Guardian Mut. L. Ins. Co.*, 62 N. Y. 393.)

But it is claimed that section 2381 of the Code furnishes express authority for an appeal from a judgment entered upon such an award, and that that right is unlimited by the other provisions of the Code relating to the subject of arbitration and award. That section is practically a re-enactment of the law as it previously existed, and confers no right or authority which was not given by the Revised Statutes. In construing that section, we must consider the provisions of title eight of the Code, which contains the existing law upon the subject and of which that section forms only a part. That title, after declaring in what cases a submission to arbitration cannot be made, what controversies may be submitted and how, and after providing for the appointment of arbitrators, for the hearing, for the attendance of witnesses, how the award shall be made and authenticated, provides that a motion may be made to confirm the award, and that the court *must* grant an order confirming it, unless it is vacated, modified or corrected as prescribed therein. Thus at the outset we find that as to the merits of a controversy submitted, the successful party has an absolute right to an order confirming the award and to enter a judgment thereon, unless it is vacated, modified or corrected for the reasons and in the manner therein prescribed. Section 2374 provides that the court *must* make an order vacating an award, where it is procured by corruption, fraud or undue means, where the arbitrators are partial or corrupt, or guilty of misconduct or other misbehavior which prejudiced the rights of any party, or where they have exceeded their powers or imperfectly executed them. Section 2375 declares that the court *must* make an order modifying or correcting

32

the award, where there has been an evident miscalculation of figures, or mistake in the description of any person, thing or property, where they have awarded upon a matter not submitted and not affecting the merits of the decision, or where the award is imperfect in form. The statute also provides within what time such a motion shall be made, makes provision as to costs and as to the judgment to be awarded. (§§ 2376, 2377, 2378.) Then follows a provision as to what the judgment roll shall contain. It must contain the submission, the selection of arbitrators or umpire, each written extension of time, if any, within which to make the award, the award, each notice, affidavit or paper used upon an application to confirm, modify or correct the award, a copy of each order of the court upon such application, and also a copy of the judgment. (§ 2379.) Following this is a provision as to the effect of the judgment and the manner of its enforcement. (§ 2380.) Then follows the section relied upon by the appellant, which declares: "An appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action. The proceedings upon such an appeal, including the judgment thereupon, and the enforcement of the judgment, are governed by the provisions of chapter twelfth of this act, as far as they are applicable."

This examination of the various provisions of the statute relating to this subject, and the decisions of the courts of this state as to the conclusiveness of an award upon the merits, discloses that the only method of attacking or reviewing an award is by motion to vacate, modify or correct it for the reasons mentioned in the statute. Previous to any statute, a court of law had no jurisdiction to examine into an award made by an arbitrator selected by the parties, and even a court of equity could award relief in such a case only upon the ground of corruption. (*Emmet* v. *Hoyt*, 17 Wend. 410 413; *Newland* v. *Douglass*, 2 Johns. 62; *Barlow* v. *Todd*, 3 Johns. 367, 369; *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 339, 366.) A statute was, however, subsequently enacted

providing that for certain specified reasons an award might be vacated, modified or corrected. Since its adoption it has been uniformly held in this state that the power of the court to review or vacate an award is limited to the power expressly conferred by the plain words of the enactment, and that an award is conclusive and final as to the questions decided, unless it is modified, corrected or vacated in the manner and upon the specific grounds provided by the statute. The conclusiveness of awards is based upon the principle that the parties having chosen judges of their own and agreed to abide by their decision, they are bound by their agreement and compelled to perform the award. (*Ketcham* v. *Woodruff*, 24 Barb. 147; *Dibble* v. *Camp*, 10 Abb. [N. S.] 92; *Smith* v. *Cutler*, 10 Wend. 590; *Wilson* v. *Williams*, 66 Barb. 209, 210; *McGregor* v. *Sprott*, 13 N. Y. Supp. 191; *Hoffman* v. *De Graaf*, 109 N. Y. 638; *Masury* v. *Whiton*, 111 N. Y. 679; *Sweet* v. *Morrison*, 116 N. Y. 19, 27; *Perkins* v. *Giles*, 50 N. Y. 228; *Fudickar* v. *Guardian Mut. L. Ins. Co.*, 62 N. Y. 393.)

The claim of the appellant that section 2381 furnishes authority for an appeal from a judgment entered upon an award, whereby the merits of the award may be reviewed, is in direct conflict with the authorities cited, most of which arose under the Revised Statutes, of which title eight is a substantial re-enactment. Therefore, the principle of the cases arising and decided under that statute is clearly in point, and the cases uniformly establish the doctrine that the merits of an award cannot be reviewed by the court, and that it can review an award only upon the grounds, to the extent and in the manner specified in the statute. Moreover, when the provisions of the Code relating to arbitration are read together and the section relied upon is construed in the light of the entire statute, it is manifest that the only method of attacking an award is by motion to vacate, modify or correct for the reasons enumerated in sections 2374 and 2375. Where such an application has been made and determined, the provisions of section 2381 are applicable, but not otherwise. In such a

case, if the application be granted, then, under that section, the defeated party may appeal from the order and thus review the action of the court that granted it. If it be denied, then after the judgment is entered, the party conceiving himself aggrieved by such denial may appeal from the judgment and thus review the action of the court in that respect. It is very obvious that the provisions of that section relating to an appeal apply only to an appeal from the action of the court and were never intended to authorize an appellate court to review the action of arbitrators in the first instance. This is further indicated by the fact that the judgment roll must contain all the papers used upon such an application, the evident purpose being to enable the appellate court to examine and pass upon the action of the court below. But where there has been no such application, then as the provisions of the Code requiring the court to enter a judgment are mandatory, so that it can exercise no official judgment nor judicial discretion, there is nothing which an appellate court can review. If the legislature had intended to confer upon a defeated party the right to appeal from an award upon the merits and thus change the law as it has existed for more than a century, that purpose would have been plainly stated in the statute, and the legislature would have employed language which would have clearly indicated its purpose, especially in view of the fact that no such right existed under the common law. To hold that any court, appellate or other, has the right to review the action of an arbitrator upon the merits of a controversy submitted to him, would entirely subvert the whole system and principle of arbitration and transfer to courts powers which the parties themselves have expressly confided to arbitrators, and that, too, without their consent.

Hence, we are of the opinion that the learned Appellate Division correctly held that an appeal from a judgment entered upon the award of an arbitrator, to whom questions of law were submitted under an agreed statement of facts, presented for review only such questions as were raised by a motion under sections 2374 and 2375 of the Code, and that as

no such application was made in this case the award of the arbitrator could not be reviewed.

It follows that the judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Judgment affirmed.