In the Matter of the Arbitration between D. GOFF & SONS, INC., Respondent, *and* DANIEL RHEINAUER, Carrying on Business under the Name of NEW YORK KNITTING MILLS, Appellant.

First Department, January 20, 1922.

**Arbitration — purpose of arbitration — when award of arbitrators will not be disturbed by court.**

The purpose of an arbitration is to insure a speedy and conclusive determination of the disputes between parties, and in the absence of fraud, corruption or misconduct of the arbitrators, or for the reasons set forth in section 2374 of the Code of Civil Procedure, their finding will not be disturbed.

Where arbitrators acted impartially under an agreement in the usual form
for the arbitration of the disputes and differences between the parties,
and neither exceeded nor imperfectly executed their powers, their award
embracing a decision of all the matters in controversy submitted to
them for determination will not be disturbed by the court for mere errors
of judgment, either as to the law or as to the facts.

APPEAL by Daniel Rheinauer from an order of the Supreme
Court, made at the New York Special Term and entered in
the office of the clerk of the county of New York on the 5th
day of July, 1921, denying defendant's motion to confirm an
award of arbitrators and granting plaintiff's motion to set
aside said award.

*Miller, Bretzfelder & Ruskay* [*Cecil B. Ruskay* of counsel],
for the appellant.

*Root, Clark, Buckner & Howland* [*Mortimer Boyle* of counsel;
*Radcliffe Swinnerton* with him on the brief], for the respondent.

DOWLING, J.:

The parties hereto on July 9, 1920, entered into an agreement
in writing, by which D. Goff & Sons, Inc., agreed to sell and
Daniel Rheinauer agreed to buy 10,000 pounds of yarn,
" 2-skein, 26 grade E.X." at the price of two dollars and ten
cents per pound, deliveries f. o. b. point of shipment, and to
be made at the rate of 1,000 pounds weekly, starting August 1,
1920, to be completed in not exceeding six months from date.
Payments were to be made against each installment.   The first
installment of 1,000 pounds was shipped in advance of the
time fixed by the contract, and on July nineteenth appellant
complained, after examination, that there was too much oil and
water in the yarn, saying that he was buying wool, not oil
and water.   Again on July twenty-ninth appellant wrote
respondent that he had shipped 249½ pounds of the yarn to a
specified dyeing works to be dyed, and only 231 pounds were
returned, making a shrinkage of 18½ pounds or seven and one-
half per cent, making an excessive shrinkage, as yarns bought
by him from others only shrunk from two to four per cent.
He also complained that the yarn " was very heavy in the
hank," and asked respondent to send no more goods till the
shrinkage was adjusted and until he wrote further.   On August

twelfth appellant wrote respondent that the yarn delivered was not the quality bought, that it was too wiry and ran uneven, and contained quite a little low grade stock. Wherefore he asked respondent to " kindly cancel our order." On August eighteenth respondent wrote appellant demanding payment of the invoice of July twelfth (for the 1,000 pounds), amounting to $2,126.26, then several days past due. On August twentieth respondent in writing refused to cancel the contract, claiming that the yarn shipped was up to sample, and advising appellant that it had the full amount of the yarn sold on hand, ready for delivery, and would expect shipping instructions. On August twenty-fourth appellant wrote respondent requesting a credit bill for excess shrinkage, which request respondent refused, again claiming the goods were up to sample. On September twenty-eighth respondent again demanded payment for the first shipment, which was all the yarn that was ever delivered under the contract. Appellant then sent his check for $2,062.46, having deducted three per cent for excess shrinkage, and respondent refused on October fourteenth to accept the same in payment, saying: " We cannot accept this check for settlement of the item in question, and we shall hold the check we have until the correct settlement is made, before depositing it." Appellant still refused to pay any more. On October twenty-sixth respondent advised appellant that it was holding, subject to his order, the remaining 9,000 pounds of yarn, and that unless he advised them by November third where to ship it, it would understand that he refused to accept the yarn and would take such action as it deemed advisable to enforce its rights. On December second respondent sent appellant a bill for $18,873.75, the balance due under the contract. The respondent claims to recover $9,344.23, that being the difference between the contract price for the yarn and the price at which it was resold in January, 1921, and in addition $63.79, the amount remaining due on the first installment.

With this controversy existing between the parties, they entered on February 11, 1921, into an agreement in writing in the usual form for the arbitration of the disputes and differences between them. The two arbitrators named in the instrument met and agreed on a third, and the arbitration duly proceeded. All the proofs offered by the parties were heard, and the

majority of the arbitrators joined in an award by which, after reciting what had been done in the arbitration proceeding, they determined:

"*First.* We, the arbitrators in an arbitration in the case of D. Goff & Sons, Inc., against Daniel Rheinauer, doing business as the New York Knitting Mills, submitted to us, find that there is due to D. Goff & Sons from Daniel Rheinauer, Sixty-three Dollars and Seventy-nine cents ($63.79), and also interest on Two thousand one hundred and twenty-six Dollars and Twenty-five cents ($2,126.25) from the due date, to wit: August 10, 1920, until the date that the check was deposited for the account of D. Goff & Sons. Further than this there is nothing due to D. Goff & Sons from the New York Knitting Mills under the contract submitted.

"*Second.* The cost and disbursements of the arbitration shall be divided equally between the parties."

This award was attacked by the respondent herein, which moved to set it aside upon three of the grounds enumerated in section 2374, Code of Civil Procedure, viz.:

"*First.* That the award was evidently the result of partiality; *Second.* That the arbitrators exceeded their powers; *Third.* That the arbitrators so imperfectly executed their powers that a definite award upon the subject matter submitted was not made."

Of the first ground assigned, there is no proof whatever. The other two grounds may be considered together. They are based upon the contention that the award is inconsistent and illogical because the arbitrators, having found that appellant should pay the purchase price of the first installment in full, thereby determining that respondent had performed its contract as to that shipment, still awarded the latter no damages for the cancellation of the balance of the contract by appellant. And in this connection attention is called to the contention made by appellant's counsel at the opening of the proceedings before the arbitrators, that if appellant was not justified in canceling the balance of the contract, the damage would be the difference in amount between the contract price of the goods and their market value at the time of cancellation, which amount appellant in answer to questions by his counsel fixed at about $2,700.

But the very purpose of an arbitration is to insure a speedy and conclusive determination of the disputes between parties, and in the absence of fraud, corruption or misconduct of the arbitrators, or for the reasons set forth in section 2374 of the Code of Civil Procedure, their finding will not be disturbed. As was said in *Matter of Wilkins* (169 N. Y. 494, 496): " Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive, and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement of submission authorizing it. The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. If he keeps within his jurisdiction and is not guilty of fraud, corruption or other misconduct affecting his award, it is unassailable, operates as a final and conclusive judgment, and however disappointing it may be the parties must abide by it. (*Hoffman* v. *De Graaf*, 109 N. Y. 638; *Masury* v. *Whiton*, 111 N. Y. 679; *Sweet* v. *Morrison*, 116 N. Y. 19, 27; *Perkins* v. *Giles*, 50 N. Y. 228; *Fudickar* v. *Guardian Mut. L. Ins. Co.*, 62 N. Y. 392.)"

The record of the arbitration in question furnishes no ground for disturbing the award. The arbitrators accepted all the proofs adduced, which embraced all the matters in controversy between the parties and submitted to them for determination. While their conclusion may not be such as a court would have reached, they exercised their powers and completed their work. They neither exceeded nor imperfectly executed their powers, and their award is not open to attack upon these grounds. They may have concluded that, because appellant had used the goods included in the first shipment and not returned them, he must pay full price for them, but that, as the yarn was in fact defective and not up to contract requirements as appellant claimed, he was justified in canceling the contract, since respondent contended the goods were up to quality agreed to be sold and would not change the same. They may have had other grounds for their conclusions. Whatever they were is quite immaterial. The arbitrators acted impartially, within the powers confided to them by the

parties; their award embraced a decision of all the matters submitted; and it cannot be interfered with by the court.

The order will be reversed, with ten dollars costs and disbursements, the motion to set aside award denied and the motion to confirm award granted, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, motion to set aside award denied and motion to confirm award granted, with ten dollars costs.