## THE HARTBRIDGE.

### NORTH OF ENGLAND S. S. CO., Limited, v. MUNSON S. S. LINE.

### No. 95.

Circuit Court of Appeals, Second Circuit.

Dec. 12, 1932.

Irving L. Evans, of New York City (Horace M. Gray, of New York City, of counsel), for appellant.

Charles R. Hickox and Clement C. Rinehart, both of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The decree below was entered on an award of three arbitrators, one dissenting. The subject of the arbitration was the responsibility of the owner or time charterer for expenses, lost time, repairs, and dead freight due to the damage sustained by the masts of the vessel while loading a cargo of mahogany logs on the coast of British Honduras in July,

1929, when it was said the vessel was in the exclusive possession and control of the owner. The award was confirmed by the District Court December 8, 1931. Later the appellant appealed to the District Court from the award pursuant to the arbitration agreement and moved to vacate the award under the appropriate section of the U. S. Arbitration Act, 43 Stat. 885, 9 U. S. C. § 10 (9 USCA § 10). The motion was denied February 19, 1932. On appeal from the confirmation of the award (December 8, 1931) the order of confirmation was reversed by this court [The Hartbridge (C. C. A.) 57 F.(2d) 672] and the order of February 19, 1932, was vacated. On May 10, 1932, a second motion to confirm the award was made and the charterer again moved to vacate the award, but this motion to confirm was granted. This appeal is taken from the order entered granting such motion.

The ship was chartered under a time charter and ordered to load, at British Honduras, a cargo of mahogany and Spanish cedar logs for carriage to New Orleans. During the loading damage was done to the masts of the vessel. The owner claimed that the damage was caused by the excessive weight of the logs being lifted at the time. The foremast and the mainmast were damaged. The cause of the damage was in dispute and is not now important for the purpose of our consideration. The majority of arbitrators held the charterer liable for all the damage and its consequences.

The appellant argues that the arbitrators made mistakes of fact and law and this amounted to an excess of power. It is said that a misconstruction of the well-settled law forms the foundation of the award, that is, that this was not a demise charter and that the owner was in exclusive possession and control of its vessel under the command of its own captain. Therefore, responsibility for the operation is claimed to have been upon the owner. The argument proceeds that the arbitrators could not have made the award they did except they mistakenly assumed they were dealing with a demise charter. Appellant claims that there was a perverse misconstruction of the contract and that this court should open the award. In re Wilkins, 169 N. Y. 494, 62 N. E. 575, 576. In the Wilkins Case, only questions of law were submitted for arbitration. There was no motion to vacate, modify, or correct the award upon any grounds mentioned in the federal arbitration statute. The appellant excepted to the award and to each conclusion. The award was confirmed. The court said: "Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive; and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement of submission authorizing it. The award of an arbitrator cannot be set aside for mere errors of judgment either as to the law or as to the facts."

There is no claim here of fraud, corruption, or misconduct affecting this award. The finality of the arbitrators' award is subject to the provisions of section 10 of the Arbitration Act (9 USCA § 10), which permits a vacation by the United States court in and for the district wherein the award is made where there is an apparent partiality in any of the arbitrators or where the arbitrators exceed their powers.

The claim of excess of power here is that the charter party clearly expressed not a demise which, it is said the arbitrators assumed, and that this was tantamount to a perverse misconstruction. The arbitrators do refer to the charterer as owner pro hac vice during the loading period, but that in no way forms a basis to attack the award. Indeed, sections 8 and 22 of the charter party placed the captain during the charter period under the orders and directions of the charterers as regards employment or agency and made it the charterers' duty to load, stow, and trim the cargo at their expense under the supervision of the captain. This would seem to justify the award, if, indeed, justification were necessary. The arbitrators did not exceed their power nor did they show any partiality, and their award is final and binding. Colombia v. Cauca Co., 190 U. S. 524, 23 S. Ct. 704, 47 L. Ed. 1159; New York & Cumberland R. Co. v. Myers, 18 How. 246, 15 L. Ed. 380; Georgia & F. R. v. Brotherhood of Locomotive Engineers, 217 F. 755 (C. C. A. 5); In re Wilkins, 169 N. Y. 494, 62 N. E. 575; Burchell v. Marsh, 17 How. 344, 15 L. Ed. 96.

The appellant contends that the court might review this award "because the right is reserved to each of the parties to this agreement to appeal to the U. S. District Court for the Southern District of New York for a review of the award upon any of the grounds specified in The U. S. Arbitration Act." But this provision does not give either party any greater or broader rights to attack the award than the statute itself. Since there was no

justification for the complaint under the provisions of the Arbitration Act, the order appealed from must be affirmed.

Order affirmed.