In the Matter of PRESIDENT SELF SERVICE, INC., Petitioner, Appellant, against AFFILIATED RESTAURATEURS, INC., WILLIAM MESEVICH, as President of CAFETERIA EMPLOYEES UNION, LOCAL NO. 302, MAX STOLZBERG and WILLIAM LOWENSTEIN, Respondents.

Present — Martin, P. J., Townley, Glennon and Untermyer, JJ.; Untermyer, J., dissents; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). Reading the provision that " the Board of Adjustment shall decide any disputes that may arise under the terms of this agreement " together with the other provisions of the collective bargaining contract, it includes, I think, the controversy which has arisen here.

It is the claim of the union, Local No. 302, that the petitioner is operating a non-union restaurant through the medium of another corporation, Cortlandt Cafeteria, Inc., in violation of paragraph 2 of the contract that " no Employer who is a member of the Association shall employ in any Cafeteria establishment owned, operated or controlled, directly or indirectly, by said Employer, any but union members in good standing." The petitioner contends that, even though the ownership of its stock is almost identical with the ownership of the stock of Cortlandt Cafeteria, Inc., it does not thereby, " directly or indirectly," control that corporation. It seems to me that even though the petitioner might be sustained in that contention if it were to be decided in accordance with strict legal principles by a court of law, there exists, nevertheless, such a controversy as to require the submission of that question to the arbitrators who have been selected by the parties to the exclusion of the courts. The possibility that the arbitrators may decide that question, whether of fact or of law, differently than it would be decided by the court is no reason to preclude them from deciding it at all, nor, indeed, would an error of law in their decision, however manifest or fundamental, justify vacating the award after it was made. (Civ. Prac. Act, § 1462; *Matter of Wilkins,* 169 N. Y. 494; *Matter of Pine Street Realty Co., Inc.,* v. *Coutroulos,* 233 App. Div. 404; *Itoh & Co., Ltd.,* v. *Boyer Oil Co., Inc.,* 198 id. 881.)

If it is true that parties may, before submission to arbitration, invoke a determination by the courts, not merely upon the jurisdiction of the arbitrators but upon the merits of the controversy, then agreements to arbitrate become an illusion and a mere futility.

The order should be affirmed.