In the Matter of the Arbitration Between JOHN ALLEN, Respondent, and WILLARD D. JAYNE et al., Doing Business as JAYNES MOTOR FREIGHT, Appellants.

First Department, March 11, 1952.

*Herman Mendes* for appellants.

*N. A. Markowitz* for respondent.

BERGAN, J. Appellants are in the trucking business as the Jaynes Motor Freight. They entered into an agreement with the Truck Drivers and Chauffeurs Union covering terms of union employment. The contract provided for arbitration of " any dispute " between employer and employee concerning the " application or interpretation " of the agreement, or " term or condition of employment " or " otherwise " if the union and employer were unable to adjust the issue themselves.

It expressly included " disputes concerning the discharge of an employee." The agreement further enumerated the " only causes " for immediate discharge. The only one having relevance here is " Direct refusal to obey orders of the Employer ". Where there has been such a discharge for such a cause found by the arbitrator, the agreement provides that the discharge shall be sustained by the arbitrator. It is further provided that prior to a decision of the arbitrator the employee shall not be discharged except for the enumerated causes.

The scheme of arbitration thus set up seems to be that while the employer could discharge an employee for one of the stated causes first and then arbitrate, a discharge for any other cause should be preceded by arbitration and sanctioned by the arbitrator before it became effective.

It is equally clear, however, that a dispute over what kind of an act comes within or without the enumerated conditions authorizing the employer to discharge before arbitration, was itself an arbitrable controversy under the terms of the contract. There was to be submitted to arbitration " any dispute " concerning interpretation of the agreement itself as well as " the discharge of an employee."

The record before us shows proof from which it could have been found that the petitioner-respondent Allen in October, 1950, directly refused to obey an order of the employer in respect of the movement of his truck; that on November 9th he indirectly refused to obey instructions by failing to deliver freight near a dock destination and returned without making the delivery. Allen was thereupon discharged.

Six months later the employer received notice from the arbitration authority for the trucking industry that the union had requested arbitration of the dispute " over the discharge " of Allen, and fixing a date for the hearing. At a hearing in June, 1951, the union, the employee personally, and the employer were all before the arbitrator, and his decision was that " the dismissal of John Allen is hereby sustained."

The employee, but not the union, instituted this judicial proceeding to vacate the award based on a factual allegation that the discharge was " not for any cause " contained in the agreement. The court at Special Term adopted this view and vacated the award.

We think this was too narrow an interpretation of the contract and of the power of the arbitrator on the facts presented to him. If the subject of dispute and the award are within the scope of submission under the contract, a court will not dissect the process of reasoning by which the arbitrator reaches a result within his jurisdiction.

The arbitrator in reasoning his way to the determination that the dismissal " is hereby sustained ", referred to the facts occurring on the date of discharge, and characterized them, among other things, as incompetence and a failure to act in the employer's interest, but he also referred to the " conduct of Allen on previous occasions " as being a basis in his opinion, for the " action of the Company."

This could be construed as meaning that the arbitrator felt that the direct refusal of Allen to obey an order in October was a good enough ground for the discharge in November. " Immediate " is a relative term, or so the arbitrator could find.

The final paragraph of the award in which the arbitrator added the advice that " it might be proper to point out " to the employer that in " cases of the type " involved, discharge should not be resorted to until the employer had " met with the Union " or until hearing and decision, does not weaken the effect of his decision which explicitly sustained the discharge in this case.

Even if a court would feel that it would not be reasonable to view the record as bringing the case within the situation specified under the contract warranting a discharge before arbitration, and we think the other way about that, the award here could not be disturbed because the contract gave the arbitrator the right to interpret its terms in relation to the conduct of the parties under it, and his interpretation whether a court thinks of it as being logical or illogical, was binding on the

parties. This is consistent with a uniform judicial policy of which *Matter of Wilkins* (169 N. Y. 494) and *Matter of Campe Corp. (Pacific Mills)*, (275 App. Div. 634) are examples.

The order should be reversed, with $20 costs and disbursements and the petition dismissed.

PECK, P. J., DORE, COHN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants and the petition dismissed. Settle order on notice.