Walter A. Lynch, J.
Petitioners move for confirmation of the award of the arbitrator. Respondents cross-move to vacate said award. In seeking this arbitration the petitioners alleged that the respondent unions and their members were engaged in a slowdown and other interferences with production at the several plants of the petitioners in violation of section 2 of part VI of the collective bargaining agreement between the parties. Pursuant to section 1(b) of part VI, the petitioners requested the American Arbitration Association to proceed immediately with the appointment of an arbitrator and to schedule a hearing within 24 hours. This section provides that when there has been a violation of section 2 of part VI of the contract which prohibits strikes, stoppages and lockouts, the complaint shall be submitted to arbitration within 24 hours after receipt of notice by the American Arbitration Association and the award shall be issued not later than 48 hours after the conclusion of the hearing.
It appears that on March 1, 1956 the American Arbitration Association, by telegram notified the petitioners and respondents that in accordance with the demand telegram from the Brewers Board of Trade, Inc., and pursuant to the contract between the parties, a hearing before Theodore W. Kheel, Esq., arbitrator, had been scheduled for March 2,1956 at the offices of the Association; that a hearing took plaice on March 2,1956 and a stenographic transcript of the proceedings before the arbitrator was taken; that counsel for respondents indicated that he was appearing specially for all of the respondents, challenged the jurisdiction of the arbitrator and asked that the proceeding be dismissed upon the grounds (1) that the American Arbitration Association should have consulted the respondents before designating an arbitrator, (2) that the slowdown was protected by the National Labor Relations Act for the reason that respondents had previously filed unfair labor practice charges against the petitioners, and (3) the complaint against the slowdown should have been first submitted to grievance and adjustment *746 procedures. At the hearing the petitioners presented evidence showing a substantial decline in production at the petitioners’ breweries as a result of the slowdown. The arbitrator found that the objections of the respondents were without merit; that section 2 of part VI of the contract had been violated by the respondents, and enjoined the respondent unions and the employees from continuing the slowdown and other interferences with production and directed the respondents and their representatives to take all steps necessary to assure that the employees apply themselves diligently and with normal and honest effort to the work assigned to them by their employers.
In opposing petitioners’ application to confirm the arbitrator’s award and in support of respondents’ cross motion to vacate and set aside said award the respondents contend that the petitioners failed to comply with section 13 of the General Associations Law as to the service of the notice of arbitration and of the order to show cause on the motion to confirm the award; that the petitioners failed to comply with the provisions of part V, section 1 of the collective bargaining agreement before initiating the arbitration proceeding; that the arbitrator did not make an award on the issue of his jurisdiction and the court may pass upon it; that the arbitrator’s award was not supported by the evidence; and that the arbitrator exceeded his power in issuing an injunction, or in any event issued the injunction on insufficient evidence.
Section 1(b) (2) of part VI provides for the manner in which the notice of arbitration shall be served and the petitioners complied with these provisions. Section 1459 of the Civil Practice Act provides that ‘‘ Arbitration of a controversy under a contract * * * shall be deemed a special proceeding ”. In Matter of Grand Central Theatres v. Moving Picture Mach. Operators Union, Local 306 (69 N. Y. S. 2d 115, affd. 263 App. Div. 989) the court held that a motion for a stay of arbitration does not constitute the institution of a new special proceeding but, on the contrary is a motion in an already existing special proceeding commenced by the service of the notice instituting the arbitration proceeding. The same result should be reached here. (Aarons v. Local 32-E, Building Service Employees Int. Union, 82 N. Y. S. 2d 262.) Therefore, section 13 of the General Associations Law is not applicable. It appears that in construing the language used in the contract the arbitrator found that when the ‘‘ quick ’’ arbitration procedure was invoked as in this instance, the parties intended to waive the provisions of section 1 of part V and there is reasonable basis for this construction. In any event, if the arbitrator kept within his jurisdiction, as *747 has the arbitrator here, and is not guilty of fraud, corruption or other misconduct affecting his award, Ms determination as to the law or the facts is final and conclusive and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement authorizing it. (Matter of Wilkins, 169 N. Y. 494.) The arbitrator did not exceed Ms powers in awarding injunctive relief and the transcript of the hearing before the arbitrator shows that sufficient evidence was presented to support the award. There is no merit to the contentions of the respondents. The motion is granted and the cross motion is derned.
Settle order.