(Republished)

■ In the Matter of the Arbitration between ARNOLD H. CAPELIN et al., Appellants-Respondents, and ABRAHAM KLEIN, Appellant-Respondent.— In contracting for the sale of the stock of telephone answering corporations, the parties specified a formula for computing the sales price and provided that 22% thereof would be payable by certified check on the date of the closing, 10% by a negotiable note payable 10 months thereafter, and the balance by 25 promissory notes payable every three months thereafter. The contract provided for subsequent adjustments in the price if the purchasers objected to the propriety of the inclusion of certain items or claimed other credits, and that any such controversies or claims were to be settled by arbitration. Petitioners demanded arbitration of their claims for adjustment of the price after the closing date and obtained an award of $69,214.16. Special Term declined to confirm the arbitrators' award, however, on the ground that the award of a lump sum rather than the prorating of the adjustments against the installment payments was "contrary to the deferred installment plan of the contract." The contract provides that the payments on certain types of adjustments are to be made in cash but is silent as to the method of repayment of other adjustments. Over $331,000 of the purchase price has already been paid. The outstanding balance is represented by promissory notes, many

of which are negotiable. In construing the contract so as to determine that the adjustments were repayable by the sellers in cash, the arbitrators cannot be said to have "exceeded their powers" (Civ. Prac. Act, § 1462). They acted well within the scope of the powers conferred upon them by the parties, and their award is unassailable (*Matter of Wilkins*, 169 N. Y. 494). Order granting respondent's cross motion to vacate the award is unanimously reversed, and the petitioners-appellants' motion to confirm the arbitrators' award unanimously granted. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ. [See *ante*, p. 899.]