Chief Judge Desmond (dissenting).
Dissenting, I agree that this obviously inadequate allowance of damages establishes, within the meaning of section 7511 of the CPLR and of the cases cited by Judge Bergan, that the award must be vacated because of the “ partiality ” of the arbitrator.
*884 There is another equally forceful reason for such vacatur. This is not a conventional, consensual arbitration. Ordinarily, when parties have agreed to arbitrate instead of litigate, the award must stand regardless of errors of law or fact (Matter of Wilkins, 169 N. Y. 494, 496). But this particular claimant, as will be explained herein, had an absolute right by statute (Insurance Law, § 167, subd. 2-a) and by the insurance contract itself to such sum up to a $10,000 maximum as she was ‘ legally entitled to recover as damages from the owner or operator ” of the “hit and run automobile”. A New York statute (Insurance Law, § 167, subd. 2-a) requires that every automobile liability insurance policy issued in this State contain a provision binding MVAIC to pay such damages. Every car owner must purchase such a policy with such a rider. The policy issued in this case contains the required rider which is in the standard form approved by the Superintendent of Insurance and includes an express promise by MVAIC to pay all sums which the insured or his legal representative ‘ ‘ shall be legally entitled to recover as damages ’ The arbitration procedure approved by the Superintendent of Insurance for fixing the amount of such recovery is merely decisional machinery. The obligation is to pay damages determined according to rules of law. In enacting in 1958 the Motor Vehicle Accident Indemnification Corporation Law the Legislature (see Insurance Law, § 600) made all this plain when it furnished us with a “ Declaration of purpose ” reciting that the compulsory motor vehicle insurance law passed in 1956 had failed to accomplish its full purpose of securing to innocent motor vehicle accident victims recompense for the injury and financial loss inflicted upon them, since the compulsory insurance act made no provisions as to accidents caused by uninsured motor vehicles and hit-run drivers. In the declaration of purpose the Legislature announced ‘ ‘ that it is a matter of grave concern that such innocent victims are not recompensed for the injury and financial loss inflicted upon them ” and “ that the public interest can best be served by closing such gaps in the motor vehicle financial security act through the incorporation and operation of the motor vehicle accident indemnification corporation.” To accomplish this purpose the Legislature set up MVAIC and required that every liability policy issued by any insurer agree on behalf of MVAIC to pay the legally collectible damages, *885 and authorized MVAIC with the approval of the Superintendent of Insurance to fix the precise terms of the policy provision. Complying, the Superintendent approved, and MVAIC and all the insurers adopted, a policy rider containing an absolute promise, in the case of injuries or deaths caused by the fault of uninsured or hit-run automobiles, to pay legal damages. The ordinary and general rule that an arbitrator’s mistake of law or fact is not reviewable in the courts can have no application to a fixation of any amount which by statute and contract must be according to the legal measure of damages.
Questions somewhat like this one have arisen before and it has been held in both State (Matter of Kingswood Management Corp. [Salzman], 272 App. Div. 328) and Federal (Wilko v. Swan, 346 U. S. 427, 434) cases that as to rights created by a statute any arbitration award would be illegal which failed fully to enforce the right.
That an award like this one is to be tested by rules of law and not by the whims of a particular arbitrator follows from the holdings of this court nearly a century ago in the renowned case of Fudickar v. Guardian Mut. Life Ins. Co. (62 N. Y. 392). The opinion in Fudickar first stated the general rule that, since in the ordinary arbitration all questions of fact and law are referred generally to the arbitrator, the court possesses no general supervisory power over the awards and cannot set them aside because they are erroneous on the facts or the law. However, the opinion made it equally clear that, if it appears from the award, either by express statement or “by clear and necessary inference”, that the arbitrator intended to decide according to the law but failed to do so, then the courts have full power to set aside the award for errors of law (62 N. Y., p. 401). If the courts have such a power when it appears that the arbitrator intended to decide according to law, there can be no doubt that such review power in the courts must exist where the arbitrator is required both by statute and by the contract of insurance to measure his award by applicable rules of law.
No court would hesitate to set aside a jury verdict awarding $500 as wrongful death damages on facts like these. Unless the courts assert and exercise a similar power as to absurdly inadequate awards in MVAIC cases the clearly expressed legislative purpose and insurance policy agreement will be sub *886 verted. The position is well stated in Encyclopedia of New York Law (Vol. 2, Automobiles, 1965 Pocket Supp., p. 157, § 1352) as follows: “ The law was designed to afford a person injured in an accident the same protection as he would have had if he had been injured in an accident caused by an identifiable automobile covered by a standard automobile liability insurance policy in effect at the time of, and applicable to, the accident ”. “ The same protection ” must include court review of the amount of damage.
I would reverse and reinstate the Special Term order, with costs in this court and in the Appellate Division.