Breitel, J. (dissenting).
The sales agreements in suit included a “broad” arbitration clause covering “ [a]ny controversy or claim arising out of or relating to [the] contract ”. Thus the parties chose arbitration rather than the courts to resolve the disputes which might arise between them, and, as a corollary, the arbitrators were vested with the power to interpret the agreement between the parties (Matter of Astoria Med. Group [Health Ins. Plan], 11 N Y 2d 128, 132-133; Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, 714, affd. 309 N. Y. 709).
The only part of the agreement bearing an arbitration clause which is not determinable by the arbitrators alone is the arbitration clause itself. It is always open to judicial censorship to determine whether or not the arbitration clause limits the scope of the arbitrator’s powers (see, e.g., Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80). But this does not mean that every direction in the over-all agreement is a limitation on the arbitrators’ powers. On the contrary, the agreement is addressed to the arbitrators and there is no judicial review of their errors in failing to follow such direction, if the failure amounts to no more than an error of law. As it has often been said, the arbitrators’ awards are not reviewable before the courts for errors of law or fact, and obviously a misinterpretation of a written agreement is an error of law *458 and no worse (Matter of Burt Bldg. Materials Corp. [Local 1205], 18 N Y 2d 556, 558; Matter of Wilkins, 169 N. Y. 494, 496-497; Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392, 399-400; Perkins v. Giles, 50 N. Y. 228, 231).
The rule has been well stated quite recently by this court in Matter of National Cash Register Co. (Wilson), (8 N Y 2d 377). It was there said: “ As to the Company’s contention that the arbitrators ‘ exceeded their powers ’ within the meaning of section 1462, it is enough to point out that (in the context of the case before us) arbitrators may be said to have done so only if they gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties. (See, e.g. Matter of S & W Fine Foods [Office Employees Int. Union, Local 153, AFL-CIO], 7 N Y 2d 1018; Matter of Wilkins, 169 N. Y. 494, 496-497; Steelworkers v. Enterprise Corp., 363 U. S. 593, 597.) The mere fact that a different construction could have been accorded the provisions concerned and a different conclusion reached does not mean that the arbitrators so misread those provisions as to empower a court to set aside the award. It appears clear to us that the agreement between the Company and the Union is reasonably susceptible of the construction given it by the arbitrators. Accordingly, since they acted within their powers and are not chargeable with such misconduct as is specified in section 1462 of the Civil Practice Act, the award is unassailable and, disappointing though it may be to one of the parties, must be obeyed.” (8 N Y 2d, at pp. 383-384.)
This, of course, is the latter-day rule of a court less hostile to the private forum of arbitration than were the courts of another day. Indeed, the leading practice treatise states: ‘ ‘ As noted under CPLR 7501, however, the arbitrator’s power to interpret the agreement is now so great and relatively free of judicial control * * * that earlier cases vacating awards because an arbitrator exceeded his power should not be heavily relied upon. Typical of the more recent tendency is Matter of National Cash Register Co. (Wilson), in which the Court of Appeals pointed out that arbitrators exceeded their powers within the meaning of the statute only if ‘ they gave a completely irrational construction to the provisions [of the agreement] in dispute and, in effect made a new contract for the *459 parties ’ in the rendering of an award. Thus, if there is any possible way of construing the agreement to encompass the dispute and the arbitrator so construes it in assuming jurisdiction, the courts would seem to lack authority to review the determination. * * * Such a conclusion makes arbitration clauses exceedingly dangerous, no matter how circumscribed they appear to be. But it is a logical outgrowth of the tendency to make the arbitrator the judge of his own jurisdiction once validity of the arbitration clause is determined.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7511.18, pp. 75-107—75-171.)
Coming to the precise question in this case, it is quite clear, as the Appellate Division majority held, that the arbitrators were doing no more than interpreting and applying the agreement before them. Because it was possible for the arbitrators to have found the consequential damage clause unconscionable, it cannot be said that their construction was so perverse as to amount to misconduct (Matter of S & W Fine Foods [Office Employees Int. Union], 8 A D 2d 130, affd. 7 N Y 2d 1018). Their award is beyond judicial review, not because this or any other court might agree with their view of the consequential damage clause, but because no court may say that a rational tribunal, especially one endowed with equitable powers, could not reach the same conclusion as did the arbitrators. And, of course, arbitrators in both a special remedial and general substantive sense have such broad powers (Matter of Staklinski [Pyramid Elec. Co.], 6 N Y 2d 159, 163).
It is difficult, of course, to resist the temptation to look over the shoulders of the arbitrators, as it is also difficult to envisage as reasonable any system of interpretation that does not conform to one’s own. Nevertheless, arbitration is an alternative forum governed to a large extent by its own principles, and not limited by the rules of evidence, the rules of law, or even the canons of construction in the reading of documents. In Matter of Spectrum Fabrics Corp. [Main St. Fashions] (285 App Div. 710, at p. 714, affd. 309 N. Y. 709, supra) it was said: “ When parties agree to arbitrate, they agree to waive the rules of evidence and the inexorable application of substantive rules as well. This may not always be wise, but it is within the powers of the contracting parties, and it is the import and essence of an arbitration agreement. It distorts the purpose of arbitration *460 for courts to censor the issues that arbitrators may consider before the courts will permit an arbitration to proceed.”
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Scileppi, Bergan and Gibson concur with Judge Burke ; Judge Breitel dissepts and votes to affirm in a separate opinion in which Chief Judge Fuld and Judge Jasen concur.
Order reversed, with costs, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.