■ LAWRENCE F. BRINSTER, Respondent, v JACK ECKHAUS, Appellant and Third-Party Plaintiff-Appellant. MONROE SPEN, Third-Party Defendant-Appellant, et al., Defendant.—Judgment entered in the Supreme Court, New York County, on December 10, 1975, confirming an arbitration award, modified, on the law, by deleting therefrom the direction for the present turnover of the escrowed stock and other documents, and otherwise affirmed, without costs or disbursements. The judgment appealed from directs that the escrow holder turn over the escrow material to the plaintiff. As we view it, such direction is contrary to the arbitration award inasmuch as the arbitrator held that the escrow documents were not to be delivered until the disposition of a certain application brought by the plaintiff before the Internal Revenue Service. That application is pending and undetermined. The arbitrator ruled in his award made July 28, 1975, that if the Internal Revenue Service affirms its previous determination of 1972 that there was no surplus in a certain pension trust, the escrowed stock was to be delivered to the plaintiff without further delay. If the Internal Revenue Service should, however, reverse its earlier determination, the arbitrator directed that thereupon Monroe Spen should have two options, i.e., to deliver the stock to the plaintiff personally or, in the alternative, Mr. Spen could rescind by repaying the plaintiff all the money that plaintiff had paid or specifically perform and enforce the June 25, 1971 agreement and deliver the stock to Henry Spen & Co., Inc., the corporate purchaser, and not to the plaintiff personally. In sum, depending on the decision of the Internal Revenue Service and the options given Monroe Spen by the arbitrator, the escrowee may be required to deliver the stock to the plaintiff personally or, at his option, to the corporation Henry Spen & Co., Inc. In modifying, we have not reviewed the arbitrator's determination on the merits since the award is conclusive in the absence of fraud, corruption or other misconduct. *(Fudickar v Guardian Mut. Life Ins. Co.,* 62 NY 392; *Matter of Friedheim,* 265 App Div 601, affd 292 NY 664; *Matter of Wilkins,* 169 NY 494.) Concur —Murphy, Lupiano, Silverman and Nunez, JJ.; Kupferman, J. P., dissents and would affirm on the opinion of Tyler, J., at Special Term.