In the Matter of the Arbitration between DELMA ENGINEERING CORPORATION, Appellant-Respondent, and JOHN A. JOHNSON CONTRACTING CORPORATION, Respondent-Appellant.

First Department, January 28, 1944.

*Irwin J. Sikawitt* of counsel (*Shapiro & Sikawitt,* attorneys), for appellant-respondent Delma Engineering Corp.

*Emanuel Harris* of counsel (*Max E. Greenberg,* attorney), for respondent-appellant John A. Johnson Contracting Corp.

COHN, J. The dispute between the parties arose in connection with the performance by Delma Engineering Corp. (hereinafter referred to as "Delma") of certain excavation and site grading work pursuant to an agreement entered into between the parties under date of September 13, 1941. The agreement was a subcontract issued by J. A. J. Construction Co., Inc., the predecessor of John A. Johnson Contracting Corporation (hereinafter referred to as "Johnson"), under its general contract with the United States Housing Authority dated August 27, 1941, for the construction of a certain defense housing project.

The contract between the parties provided: "All disputes that may arise out of this contract or out of the performance of the work hereunder shall be submitted to arbitration at the choice of either party hereto. Such arbitration shall be had before three arbitrators appointed as follows: one by each of the parties hereto and the third by the two thus chosen, the decision of any two of whom shall be final and binding, and each of the parties hereto shall pay one-half of the expenses of such arbitration. * * * "

In November, 1942, a dispute arose. Pursuant to the provisions of the contract, it was submitted to arbitration. Before proceeding, the parties, in order to define the matters in dispute, signed a memorandum setting forth specifically the matters which the arbitrators were required to determine, viz:

"(a) Whether or not the Delma Engineering Corporation completed their contract with the John A. Johnson Contracting Corporation or whether the John A. Johnson Contracting Corporation was justified in doing work for the account of the Delma Engineering Corporation and if so to what extent and in what amount a backcharge is warranted.

"(b) * * * whether or not Delma is entitled to 15% on top of unit prices specified in its subcontract for additional rock excavation."

The controversy was as follows: As to item (a), Delma, upon completion of its contract, claimed Johnson was indebted to it for a balance in the sum of $20,820.36, which included a charge

of $3,088.52 constituting fifteen per cent subcontractor's profit for extra rock excavation made necessary by reason of a change in work ordered by the owner, United States Housing Authority. Johnson, on the other hand, contended that Delma had failed properly to complete its work and that as a result Johnson was required to finish it, for which it claimed back charges against Delma aggregating the sum of $32,012.59, less certain allowances which it conceded Delma was entitled to receive for displacements of its work by other subcontractors. As to item (b), the dispute involved the construction of the contract with respect to the right of Delma to receive the benefit of the provision contained in the contract between the owner and the general contractor, Johnson, to the effect that on any change ordered by the owner which involved an extra cost " there shall be added to the net cost * * * for work performed by his Subcontractor * * * 15% to cover the Subcontractor's overhead and profit and an additional 7½% for the Contractor."

After extensive hearings at which both parties were heard, the arbitrators by a majority vote made their award finding that as to item (a) Delma was entitled to the sum of $17,487.70, the balance due to Delma on the contract, and as to item (b) the sum of $3,088.52, being a sum equal to fifteen per cent on top of unit prices specified in the subcontract.

The Special Term confirmed the award as to item (a) but denied confirmation as to item (b), holding that the arbitrators were limited to the unit prices specified in the subcontract and that they could not consider the provisions of the contract between the owner and Johnson.

Delma appeals from so much of the order as denies confirmation of the award with respect to the credit allowance to it in the sum of $3,088.52, and Johnson appeals from a judgment entered against it in the sum of $17,673 pursuant to the part of the award confirmed in the same order.

In our view, the court erred in not confirming the award *in toto*. As to item (a), whether Delma completed its contract involved a pure issue of fact and, as to that portion of the award, there can be no question that the arbitrators' determination was final.

As to item (b), Johnson contends that the arbitrators, in deciding that Delma " is entitled to a credit allowance of 15% on top of the unit price specified in its subcontract for additional rock excavation ", mistook the law and misinterpreted the terms of the contract between Johnson and Delma; that

they improperly directed a recovery of the fifteen per cent additional allowance when, under the terms of its contract, Delma was entitled to no such allowance.

Whether the arbitrators mistook the law with respect to item (b), we are not now able to determine. What evidence was adduced before the arbitrators relative to the contract between the parties is not available to us and, except for an inspection of the contract itself, we are in no position to know what occurred at the numerous hearings held before the arbitrators.

If Johnson, under the terms of its subcontract with Delma, believed that the latter was entitled only to the unit prices therein specified and not to the additional fifteen per cent allowance as provided in the general contract between Johnson and the owner, it might have refused to agree to have such a question submitted to arbitration upon the theory that, as to item (b), there was nothing to arbitrate. Instead, however, when the dispute arose, it entered into a written covenant with Delma, signed and acknowledged, in which it was stated '' We do hereby agree to submit such controversy for decision to arbitrators consisting of the following: * * *. It is further agreed that we individually and jointly will abide by and perform any award rendered by the arbitrators and that a judgment of the Supreme Court of the State of New York may be entered upon such award without notice.''

Having thus solemnly stipulated in writing to submit this very question, now that such question has been decided adversely to it, Johnson argues that the award of the arbitrators as to item (b) is contrary to law. If the arbitrators were not authorized to determine item (b) as well as item (a), then the agreement for arbitration and the memorandum of submission were wholly without meaning. It is well settled that an arbitration award may not be impeached because of error of the arbitrators as to law or fact, in the absence of fraud, corruption or other misconduct. (*Matter of Wilkins,* 169 N. Y. 494, 496; *Matter of Pierce* v. *Brown Buick Co.,* 258 App. Div. 679, affd. 283 N. Y. 669; *Matter of Friedheim* [*International Paper Co.*], 265 App. Div. 601; *Matter of Pine St. Realty Co.* v. *Coutroulos,* 233 App. Div. 404.) In *Matter of Wilkins* the Court of Appeals set forth the law as follows (at p. 496): '' Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive, and a court will not open an award unless perverse misconstruction or positive mis-

conduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement of submission authorizing it. The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. If he keeps within his jurisdiction and is not guilty of fraud, corruption or other misconduct affecting his award, it is unassailable, operates .as a final and conclusive judgment, and however disappointing it may be the parties must abide by it.''

The case of *Matter of Stange* v. *Thompson-Starrett Co.* (261 N. Y. 37), upon which Johnson relies, is clearly distinguishable. There, before arbitrators, a subcontractor claimed that the contract under which he had been employed had been entirely abandoned by the parties and that, therefore, he was entitled to recover for the work done, not under the provisions of the contract, but on a *quantum meruit* basis. As the determination of the arbitrators in favor of the subcontractor was based upon the subcontractor's theory that the express contract which provided for arbitration had been '' scrapped '' and abandoned, the court held that the remedy of arbitration provided therein fell with the contract and that plaintiff's relief lay in a suit at law. In the case at bar the facts are wholly dissimilar.

Here the arbitrators kept scrupulously within the subject of the controversy submitted for their determination as to each item. There has not been a suggestion of misconduct on their part affecting the award and it is unassailable.

To the extent that the arbitrators' award was disaffirmed the order should be reversed and the arbitrators' award should be confirmed in all respects. The order so far as appealed from, and the judgment should be modified accordingly, and as so modified affirmed, with costs to the appellant, Delma Engineering Corp.

TOWNLEY, GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

To the extent that the arbitrators' award was disaffirmed the order should be reversed and the arbitrators' award confirmed in all respects. Order so far as appealed from, and the judgment unanimously modified accordingly, and as so modified affirmed, with costs to the appellant, Delma Engineering Corp. Settle order on notice.