James French, Plaintiff, *v.* Frano Petrinovic, Defendant.

City Court of New York, Trial Term, New York County, February 17, 1944.

*Gregory S. Rivkins* and *Robert J. Andrews* for plaintiff.

*Charles R. Hickox, Ruth M. McElveney* and *Charles N. Fiddler* for defendant.

COLEMAN, J. The plaintiff, a marine surveyor, sues to recover for his services as arbitrator in adjusting a dispute that had arisen between defendant, a shipowner, and the Bethlehem Steel Company, over the value of repairs made by Bethlehem to two vessels belonging to the defendant. The defendant thought that the bills which Bethlehem submitted were excessive. The matter was referred to the plaintiff to arbitrate under an agreement which provided as to fees, that he was to " determine what, if any, division shall be made between Bethlehem and the Owners of his charges and expenses, including stenographic fees, if any shall be incurred by him." The agreement was silent as to the amount of the fees or the method of determining them.

Plaintiff proceeded upon the arbitration and made his report awarding Bethlehem $204,730. The award was accepted by both sides, and the defendant paid Bethlehem the amount directed to be paid. Plaintiff thought his services were worth $5,000 and submitted a bill for $2,500 to each of the two parties. Bethlehem paid its share. The defendant declined to pay on two grounds: first, there being no agreement as to amount, the plaintiff cannot receive more than $25 a day for his services, and second, the plaintiff, in any event, has received from Bethlehem an amount which was at least as much as his services are worth, and cannot therefore recover any additional amount from the defendant.

The first ground of defense is based on the fact that the agreement of arbitration did not fix the amount of compensation or provide how that amount was to be determined. Therefore, the defendant says, the provisions of the Civil Practice Act (§ 1457) apply, and the plaintiff is entitled only to the fee established by law for referees of the Supreme Court, $25 a day. This, the defendant contends, is because the provisions of the arbitration law are " remedial in nature " relating to " procedure "; and since the action was brought in a State court, the New York statute as " the law of the forum " controls all the incidents of the arbitration, including compensation to the arbitrator. (Cf. *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109; *Matter of Berkowitz* v. *Arbib & Houlberg, Inc.,* 230 N. Y. 261.)

But there is also a United States Arbitration Act. (U. S. Code, tit. 9, § 1 *et seq.*) That Act contains no reference to fees of arbitrators, which are a matter of adjustment between the parties, subject of course to control of the court. (*Cities Service Oil Co.* v. *American Mineral Spirit Co.*, 22 F. Supp. 373.) Is not the Federal statute as much the law of the forum as the New York statute to the extent that it determines the rights of parties as distinguished from " procedure ", and does not that statute control? Certainly the question of compensation of an arbitrator is a matter of " right "; hardly of " procedure ". And, if the Federal statute does control, the plaintiff may recover for his services without reference to the limitation in the New York statute. (Cf. *Second Employers' Liability Cases,* 223 U. S. 1, 57; *Miles* v. *Illinois Central R. R. Co.,* 315 U. S. 698, 703, 704.) It may seem strange to regard the case as one involving the conflict of laws between Federal and State law, and yet in essence that is what the question in the case becomes. That question is not necessarily determined by the fact that the suit is brought in a State court. Because of the amount involved, the District Court would not have jurisdiction of an independent action to recover for the plaintiff's services; so, perforce, the plaintiff brought his action in a court of New York. If Bethlehem had sued the defendant for the repairs and the matter had then been referred to arbitration, no doubt the arbitration would have to proceed in accordance with the arbitration statute of the forum in which the action itself had been brought. There was no such action here, and so the question whether the parties, in agreeing to arbitrate, subjected themselves to the provisions of the Federal statute or to those of the New York statute " is a question of intention to be determined in the light of context and occasion." (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N. Y. 284, 293, a somewhat analogous situation.)

By the test of intention we must say the Federal statute applies. Although the dispute between defendant and Bethlehem was of course within the jurisdiction of the State court, there are other factors which lead to the conclusion in favor of the application of the United States Arbitration Act. The defendant is a foreign shipowner whose vessels were engaged in foreign commerce. Normally he would think of a Federal court, and more specifically, of a court of admiralty as the one in which his matters in litigation would be disposed of; to him a Federal court would be " *forum conveniens* ". The cause of action itself is normally one that, in the Port of New

York at least, finds its way into a Federal court. The attorneys for the defendant, who in the first instance engaged the plaintiff, are recognized members of the admiralty Bar, and the marine surveyors whom they had consulted before retaining the plaintiff, are men of experience accustomed to advising in litigation in the admiralty courts, as indeed the plaintiff himself was. The environment in which the parties to the arbitration, their attorneys and the arbitrator moved was " Federal ". The implications are not that they were thinking in terms of New York law, but that they were assuming without question that the procedure of arbitration and the method of compensation would be in the manner to which they were accustomed — the manner prescribed by the United States Arbitration Act.

As to the second point, I accept the testimony in behalf of the plaintiff as to the amount of time he spent on the arbitration and as to the value of his services. There is little merit to the defendant's contention, apparently added as an afterthought, that the plaintiff's services were not competently performed — that in computing the amount due Bethlehem he included certain items for which there was no basis, and made errors in calculation. The defendant accepted the award when it was made, and paid the amount found due to Bethlehem. If the award itself, between defendant and Bethlehem, were involved, the defendant would be disabled from questioning its validity and I do not think he should be allowed to reopen the matter in this proceeding. (*Matter of Wilkins,* 169 N. Y. 494; *Matter of Delma Eng. Corp.* [*Johnson Contr. Corp.*], 267 App. Div. 410.) In any event, although there was some question as to several items in the award, I cannot say that the award itself was erroneous or that the plaintiff did not do his work in a competent manner.

The elimination of the time spent before the arbitration agreement was signed does not change the result as to the amount due the plaintiff and there will be judgment for him for $2,500, with interest.