Per Curiam.

‘ ‘ The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. If he keeps within his jurisdiction and is not guilty of fraud, corruption or other misconduct affecting his award, it is unassailable, operates as -a final and conclusive judgment, and however disappointing it may be the parties must abide by it.” (Matter of Wilkins, 169 N. Y. 494, 496; see, also, Matter of Delma Eng. Corp. [Johnson Contr. Corp.], 267 App. Div. 410, affd., 293 N. Y. 653.)
By their contract the parties here agreed to submit to arbitration any dispute arising between them “ concerning the application or interpretation of any provision of this agreement or concerning any team or condition of employment, or otherwise ”. It was further stipulated that the decision of the arbitrator “ shall be final and binding upon the parties hereto.”
Notwithstanding this agreement and the afore-mentioned well-settled principle of law, the court at Special Term not only inquired into the facts, but has reviewed the law and denied the motion to confirm the award of the arbitrator on its independent determination of the facts and the law. The court, in the circumstances, was not warranted in interfering with the arbitrator’s award.
The order should be reversed, with $20 costs and disbursements to the appellant, and the motion to confirm the award of the arbitrator granted.
Glennon, Dore, Cohn, Callahan and Van Yoobhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to confirm the award of the arbitrator granted. Settle order on notice.